# Chicago, Rock Island & Pacific Railroad Company

## *v.*

## Moses McAra.

1. NEGLIGENCE—*in railroads.* In an action against a railroad company for personal injury received by the plaintiff, by reason of the train in which he was a passenger having struck a cow which suddenly run upon the track, and the cars thrown from the rails, it appeared that cattle were

in the habit of resorting to the station where the accident happened, being attracted there by the corn liable to be scattered upon the ground, and that a few days before this accident, a train had run over a cow at that station. There was no watchman there to keep the track clear, and the train was passing the station with more than ordinary speed. With the known liability to such accidents at that place, this was inexcusable negligence.

2. EXCESSIVE DAMAGES. In this case, it appeared the plaintiff had no bones broken. He stated at the time of the accident that he was not much hurt. On the trial he stated that he was severely bruised on his left side. His physicians said it was merely a muscular injury. He kept his bed nearly all the time for a month, getting up, however, and walking about the house every day, and claimed to be still lame at the trial, which was about ten months after the accident, though there was some reason for supposing his recovery would have been more rapid if he had had no claim for damages. A verdict for $5000 was considered excessive, and the judgment was reversed for that cause.

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

The opinion states the case.

MR. GEORGE C. CAMPBELL, for the plaintiffs in error.

Mr. JOHN B. HAWLEY, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The appellee was a passenger on one of appellants' trains in July, 1867. As the train, early in the morning, was passing a flag station, it struck a cow that had suddenly run upon the track, and the car in which appellee was sitting was thrown from the rails and turned over. For the injury then received the jury gave a verdict of $5000.

The jury were properly instructed on the question of negligence, and their finding in that regard is sustained by the evidence. The evidence shows that cattle were in the habit of resorting to the station, being attracted there by the corn liable to be scattered upon the ground, and that, a few days before

this accident, a train had run over a cow at that station. A proper consideration for the safety of its passengers would very clearly impose on the company the duty, either of checking the speed of a train intending to pass the station without stopping, so as to remove all danger of such accidents, or of having a watchman stationed at the approach and passage of such a train, for the purpose of keeping the track clear. In this case there was no watchman, and the weight of the evidence goes to show the train, so far from slackening its speed, was running with more than ordinary velocity, being on a descending grade. With the known liability to such accidents at that place, this was inexcusable negligence.

We can, however, find no warrant in the evidence for the amount of damages. The plaintiff had no bones broken. He stated at the time of the accident he was not much hurt. In describing the extent of the injury, in his own testimony, he says he was severely bruised on his left side. Dr. Peck testifies that he and Dr. Conway agreed, when they examined him, that it was merely a muscular injury. He kept his bed nearly all the time for a month, getting up however, and walking about the house every day, and claimed to be still lame at the trial. The physicians who testified are unable to give a satisfactory explanation of his lameness, the theory advanced by some of them being pronounced impossible by the others. Four or five different witnesses testify to have seen him on as many different occasions, when in a state of some excitement, walking and even running for a short distance, without showing any appearance of lameness. While we can not accept the theory of appellants' counsel, that his lameness was wholly feigned, we can not, on the other hand, resist the conviction that his recovery would have been much more rapid if he had had no claim for damages, and that a verdict of five thousand dollars, which the statute fixes as the maximum limit of damages for death itself, in a suit brought for the benefit of the

widow and next of kin, is wholly disproportionate to the injuries received by this appellee.

We think it our duty to send this case to another jury.

*Judgment reversed.*